UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

DONALD KOITHAHN,

    Plaintiff,

       v.                         CAUSE NO. 1:26-CV-124-JD-APR

PETTUS, TROY HERSHBERGER,
BUTLER,

    Defendants.

OPINION AND ORDER

Donald Koithahn, a prisoner without a lawyer, filed a complaint alleging Officer Pettus was not monitoring his cell block at the Allen County Jail when his oxygen machine malfunctioned. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Koithahn alleges Officer Pettus was assigned to monitor his cell block at the Allen County Jail where he was a pretrial detainee. He says he is on oxygen 24 hours a day and his machine malfunctioned on February 14, 2026. He alleges that because Officer Pettus was not monitoring the cell block, he was deprived of oxygen for 10-15

minutes. Koithahn alleges Officer Pettus did not arrive on the scene "until 20 minutes into the incident." ECF 1 at 2.

Under the Fourteenth Amendment, a pre-trial detainee cannot be punished without due process of law. *Bell v. Wolfish*, 441 U.S. 520 (1979). "In evaluating the constitutionality of conditions or restrictions of pretrial detention . . . the proper inquiry is whether those conditions amount to punishment of the detainee." *Id*. at 539. "[I]n the absence of an expressed intent to punish, a pretrial detainee can nevertheless prevail by showing that the actions are not 'rationally related to a legitimate nonpunitive governmental purpose' or that the actions 'appear excessive in relation to that purpose.'" *Kingsley v. Hendrickson*, 576 U.S. 389, 398 (2015) (*quoting Bell*). "This framing asks strictly whether the defendant intended to commit the physical act that caused the alleged injury." *Pittman v. Madison Cnty., Illinois*, 108 F.4th 561, 570 (7th Cir. 2024).

This complaint presents no facts from which it can be plausibly inferred that Officer Pettus intended to punish Koithahn. Neither are there any facts from which it can be inferred that he committed a physical act which caused his oxygen machine to malfunction. At most, it appears he may have been negligent in monitoring the cell block, but "liability for *negligently* inflicted harm is categorically beneath the threshold of constitutional due process." *Kingsley v. Hendrickson*, 576 U.S. 389, 396 (2015) (quotation marks omitted).

Koithahn also alleges Jail Commander Butler and Sheriff Troy Hershberger failed to train Officer Pettus. It is possible to state failure to train claim against a State actor in their official capacity, but this complaint does not allege facts from which it can be

plausibly inferred that either of these defendants in their official capacity are liable for

failing to train Officer Pettus.

> Municipalities are not vicariously liable for the torts of their employees or agents, but a plaintiff can establish municipal liability under § 1983 when the "execution of a government's policy or custom" **\*938** caused a violation of the plaintiff's rights. *Monell v. Dep't of Social Services*, 436 U.S. 658, 691–94 (1978). Such a claim has three elements: municipal policy or custom, municipal fault, and causation. In some circumstances, a municipality's failure "to train certain employees about their legal duty to avoid violating citizens' rights may rise to the level of an official government policy for purposes of § 1983." *Connick v. Thompson*, 563 U.S. 51, 61 (2011). A municipality may be held liable for such a failure to train if the plaintiff shows that the municipality was deliberately indifferent to his constitutional rights.
>
> Establishing deliberate indifference ordinarily requires the municipality to be on notice of constitutional violations, but the Supreme Court has explained that the consequences of failing to train employees "could be so patently obvious that a city could be liable under § 1983 without proof of a pre-existing pattern of violations." *Connick*, 563 U.S. at 64. A plaintiff must also show a causal link between the policy or custom and the violation.

*Milbeck v. George*, 171 F.4th 930, 937–38 (7th Cir. 2026) (cleaned up). "*Monell* liability is

difficult to establish precisely because of the care the law has taken to avoid holding a

municipality responsible for an employee's misconduct." *J.K.J. v. Polk Cty.*, 960 F.3d 367,

377 (7th Cir. 2020) (en banc). Here, the complaint provides no facts showing anything

more than possible employee negligence.

A complaint must contain sufficient factual matter "to state a claim to relief that

is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim

has facial plausibility when the plaintiff pleads factual content that allows the court to

draw the reasonable inference that the defendant is liable for the misconduct alleged."

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Factual

allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (quotation marks, citations and footnote omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quotation marks and brackets omitted). Thus, "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

This complaint does not state a claim for which relief can be granted. If Koithahn believes he can state a claim based on (and consistent with) the events described in this complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form.

For these reasons, the court:

(1) GRANTS Donald Koithahn until **June 17, 2026**, to file an amended complaint; and

4

(2) CAUTIONS Donald Koithahn if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on May 14, 2026

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT